## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **Mounia Ammor,** X | |
| *Plaintiff,* X | |
| X | |
| v. X | |
| X | |
| **John Kelly,** Secretary, Department of X | Case No.   6:17-cv-1154-ORL-18GJK |
| Homeland Security; **James McCament,** X | |
| Acting Director, Citizenship and Immigration X | |
| Services; **Katherine Baranowski,** Acting District X | |
| Director, Citizenship and Immigration X | |
| Services, Tampa, Florida; **Peter Tilley,** X | |
| Acting Orlando Field Office Director, Citizenship X | |
| and Immigration Services, X | |
| *Defendants.* X | |

## COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS

To the Honorable Judge of Said Court:

### I. INTRODUCTION

Plaintiff brings this action to request this Court to compel Defendants to reopen and adjudicate a Form I-751, Petition to Remove Conditions on Residence ("Form I-751"), that Plaintiff filed with United States Immigration and Citizenship Services ("USCIS") and was denied on March 7, 2017. If the government denies Plaintiff's Form I-751 after renewed consideration, Plaintiff requests that this Court compel Defendants to institute removal proceedings against her.

## II. PARTIES

1. That the Plaintiff, **Mounia Ammor (f/k/a Mounia Mejia) (A 204-053-912)**, is a native and citizen of Morocco.

2. That the Defendant, **John Kelly**, is the Secretary of the Department of Homeland Security. He is responsible for the administration and enforcement of the Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq*. Defendant Kelly is being sued in his official capacity.

3. That the Defendant, **James McCament**, is the Acting Director of USCIS, an agency of the United States government involved in the acts challenged in this action. Defendant McCament is being sued in his official capacity.

4. That the Defendant, **Katherine Baranowski**, is the Acting District Director for District Ten of USCIS. Defendant Baranowski is being sued in her official capacity.

5. That the Defendant, **Peter Tilley**, is the Field Office Director of the Orlando, Florida office of USCIS. Defendant Tilley is being sued in his official capacity.

## III. JURISDICTION

6. That this is a civil action brought pursuant to 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges, and immunities secured to

Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiff.

7. That jurisdiction is also conferred by 5 U.S.C. §704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq.*

8. That the aid of the Court is invoked under 28 U.S.C. §2201 and §2202, authorizing a declaratory judgment.

9. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act. 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## IV. VENUE

10. That venue is proper in the Orlando Division of the Middle District of Florida as Plaintiff resides within Orange County, Florida, within the territorial jurisdiction of the Orlando Division.

## V. REMEDY SOUGHT

11. That Plaintiff seeks to have this Court compel Defendants to reopen a Form I-751 that Plaintiff filed with USCIS on March 25, 2015 and was denied by the agency on March 7, 2017. If the government denies Plaintiff's Form I-751 after renewed consideration of the same, Plaintiff requests that this Court compel Defendants to institute removal proceedings against her.

## VI. CAUSE OF ACTION

12. That Plaintiff is a native and citizen of Morocco.

13. That Plaintiff was initially admitted to the United States as a Conditional Permanent Resident ("CPR") on or about March 29, 2013 and in accordance with 8 U.S.C. §1186a.

14. That Plaintiff's admission to the United States as a CPR was based on her marriage to Alberto R. Mejia, a citizen of the United States ("USC").

15. That Plaintiff and her USC spouse separated because of the abusive nature of the relationship. The abuse is evidenced by two separate petitions filed with the Circuit Court in and for Orange County, Florida seeking injunctions against Mr. Mejia pursuant to Fla. Stat. §741.30 to prevent ongoing domestic violence. These injunctions were filed on June 21, 2013 and on June 28, 2013.

16. That according to Plaintiff's admission to the United States as a CPR, she was required to submit a Form I-751 to USCIS on or before the expiration of her conditional resident status on March 29, 2015.[1]

---

[1] 8 U.S.C. §1186a(c)(1) in relevant part provides that, "[i]n order for the conditional basis . . . for an alien spouse . . . . to be removed—the alien spouse and the petitioning spouse (if not deceased) jointly must submit . . . . a petition which requests the removal of such conditional basis[.]" *see also* 8 C.F.R. §1216.5(a)(1)(ii), which in relevant part provides that, "[a] conditional resident alien who is unable [to submit] a joint petition for removal of the conditional basis of his or her permanent resident status may file Form I-751, Petition to Remove the Conditions on Residence, if the alien requests a waiver, was not at fault in failing to meet the filing requirement, and the conditional resident alien is able to

4

17. That on about March 25, 2015, Plaintiff filed a Form I-751 with USCIS.

18. That the Form I-751 was not filed jointly with Plaintiff's USC spouse as described at 8 U.S.C. §1186a(c)(1)(A) because the parties had divorced prior to submission of this petition.[2]

19. That Plaintiff filed the Form I-751 in accordance with 8 U.S.C. §1186a(c)(4)(C) and 8 C.F.R. §216.5(a)(1), requesting a waiver of the joint filing requirement on grounds that

> "The qualifying marriage was entered into in good faith by the conditional resident, but during the marriage the alien spouse or child was battered or subjected to extreme cruelty by the citizen or permanent resident spouse or parent." 8 C.F.R. §216.5(a)(1)(iii).

20. That upon filing the aforementioned Form I-751, Plaintiff was issued a filing receipt and the application was assigned receipt number EAC1517400096.

21. That Plaintiff was scheduled for an interview at the USCIS Orlando Field Office on January 31, 2017. Plaintiff appeared for this interview on that same date.

22. That on March 7, 2017, USCIS issued a decision denying Plaintiff's Form I-751. According to USCIS, Plaintiff had not provided sufficient

---

establish that: The marriage upon which his or her status was based was entered into in good faith by the conditional resident alien, but the marriage was terminated other than by death, and the conditional resident was not at fault in failing to file a timely petition [.]"

[2] Plaintiff and Mr. Mejia's divorce was finalized on October 23, 2013.

information "to establish the bona fides of [her] marriage and eligibility for the requested waiver because [she] failed to show [she had] been the subject of battery and extreme cruelty committed by [her] spouse." *See* Exhibit 1.

23. That pursuant to 8 C.F.R. §216.4(a) the CPR must jointly file a Form I-751 within the 90 days "immediately preceding the second anniversary of the date on which the alien obtained permanent residence," unless the CPR qualifies for a waiver under 8 C.F.R. §216.5.

24. That 8 C.F.R. §216.5(a)(1) provides that

> "A conditional resident alien who is unable to meet the requirements under [8 U.S.C. §1186a] for a joint petition for removal of the conditional basis of his or her permanent resident status may file Form I-751, Petition to Remove the Conditions on Residence, if the alien requests a waiver, was not at fault in failing to meet the filing requirement, and the conditional resident alien is able to establish that:
>
> (i) Deportation or removal from the United States would result in extreme hardship;
>
> (ii) The marriage upon which his or her status was based was entered into in good faith by the conditional resident alien, but the marriage was terminated other than by death, and the conditional resident was not at fault in failing to file a timely petition; or
>
> (iii) The qualifying marriage was entered into in good faith by the conditional resident but during the marriage the alien spouse or child was battered by or subject to extreme cruelty committed by the citizen or permanent resident spouse or parent."

25. That 8 C.F.R. §216.5(e)(3)(i) defines the phrase "was battered by or was the subject of extreme cruelty" to include, but to not be limited to, "being the

victim of any act or threatened act of violence, including any forceful detention, which results or threatens to result in physical or mental injury."

26. That the *bona fides* of a marriage are determined at the time the marriage is entered. Although events occurring subsequent to a marriage can be considered in making the determination of whether a marriage was entered in "good faith," the viability of a relationship is not required at such time as a petition relating to that marriage (such as a Form I-751) is adjudicated. Matter of McKee, 17 I&N Dec. 332 (BIA 1980).

27. That Plaintiff submits USCIS erred in its determination that Plaintiff did not enter into her marriage with Mr. Mejia in "good faith."

28. That the determination as to the validity of a qualifying marriage must be based on the intent of the parties at the time the marriage was entered. *See* 8 U.S.C. §1186a(b)(1)(A)(i); *see also* Matter of McKee, 17 I&N Dec. 332 (BIA 1980) (holding that the central question in determining the validity of a marriage is whether the parties intended to establish a life together at the time the marriage was entered into); *see also* Matter of Soriano, 19 I&N Dec. 764 (BIA 1988); Matter of Laureano, 19 I&N Dec. 1 (BIA 1983).

29. That USCIS determined that Plaintiff's qualifying marriage was not entered in "good faith" based solely on it determination that Plaintiff had failed to establish that she "was battered by or was the subject of extreme cruelty" during the marriage. USCIS provided no other basis upon which the determination as to the *bona fides* of the qualifying marriage was made.

7

30. That Plaintiff further submits USCIS erred in its determination that she failed to establish she was "battered" or suffered "extreme cruelty" during her marriage. *See* 8 U.S.C. §216(c)(4)(C) and 8 C.F.R. §216.5(a)(1)(iii).

31. That pursuant to 8 C.F.R. §216.5(a)(1)(iii), Plaintiff is not required to show she was "battered" *and* suffered "extreme cruelty." Rather the plain language of the statute requires the alien to establish *one or the other*. *See* Chevron USA Inc., v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984); INS v. Cardoza-Fonseca, 480 U.S. 421 (1987). Plaintiff submits that the administrative record establishes by a "preponderance of the record" that she was battered during her marriage to Mr. Mejia.

32. That Plaintiff provided proof that she sought an injunction through a State court against Mr. Mejia on two occasions. The first occasion was on June 21, 2013 during which she discussed an incident where Mr. Mejia attacked her in their marital home. He verbally and physically battered Plaintiff by yelling at her, pulling her hair, and shaking her body back and forth. He smacked her face, causing injury by making violent physical contact with her ear. Thereafter Plaintiff departed their joint residence. Mr. Mejia located her new address, followed her home and forced his way inside Plaintiff's apartment.

Thereafter, Plaintiff filed a second petition for an injunction discussing a separate incident where Mr. Mejia smacked her face and caused injury. Mr. Mejia made death threats against Plaintiff. Based on these incidents

Plaintiff submits that she has established that she was the victim of the type of threats, physical violence and mental cruelty contemplated in the applicable statute and regulation. *See* 8 C.F.R. §216.5(e)(3)(i).

33. That although Plaintiff could not meet the burden of persuasion to have her injunctions granted,[3] she still provided sufficient evidence to establish she was the victim of "battery" or "extreme cruelty" consistent with the definitions set forth at 8 C.F.R. §216.5(e)(3)(i).

34. That at all times pertinent to the submission of Plaintiff's Form I-751, she was also eligible for a "good faith" waiver pursuant to 8 U.S.C. §1186a(c)(4)(B) (also described at 8 C.F.R. §216.5(a)(1)(ii)). Plaintiff's eligibility to pursue this "waiver" of the joint filing requirement stems from her claim that the qualifying marriage was entered in "good faith" and had been terminated prior to the submission of her Form I-751.

35. That despite Plaintiff's eligibility for consideration of the waiver discussed at 8 U.SC. §1186a(c)(4)(B), the agency's March 7, 2017 decision makes no reference to any consideration by the agency of this waiver provision.

36. That while the undersigned notes that Plaintiff may have been represented by a licensed attorney with regards to the agency's consideration of her

---

[3] An individual seeking an injunction for domestic violence bears the burden of showing that she warrants the grant of an injunction based on "clear and convincing evidence." *See* Santosky v. Kramer, 455 U.S. 745, 756 (1982) ("clear and convincing evidence" is the standard of proof to be applied "when the individual interests at stake in a state proceeding are both 'particularly important' and 'more substantial than mere loss of money.'").

9

Form I-751, either Plaintiff's attorney or the Immigration Services Officer should have considered her eligibility for a "good faith" waiver in that the facts presented above clearly establish her *prima facie* eligibility for the same.

37. That Plaintiff seeks the assistance of this Court to compel the Defendants to reopen her Form I-751, allow her to seek any "waiver" described at 8 U.S.C. §1186a(c)(4) for which she is eligible and further require the agency to adjudicate her reopened Form I-751 accordingly.

38. That 8 C.F.R. §216.5(f) provides

> "The director shall provide the alien with written notice of the decision on the application for waiver. If the decision is adverse, the director shall advise the alien of the reasons therefor, notify the alien of the termination of his or her permanent residence status, instruct the alien to surrender any Permanent Resident Card issued by the Service and issue a notice to appear placing the alien in removal proceedings."

39. That Defendants have not complied with the mandatory provisions cited above requiring the government to issue a Notice to Appear ("NTA") and to file the NTA with the Executive Office for Immigration Review upon the denial of her Form I-751 so as to permit Plaintiff an opportunity seek review of her denied Form I-751.

40. That Plaintiff respectfully request that the agency reopen and adjudicate her Form I-751 BEFORE any consideration is given to sending the matter to the Immigration Court. An Immigration Judge ("IJ") can review a Form I-751 that has been denied on the merits; however, an IJ cannot consider a Form

I-751 in the first instance. Here, an IJ would have the authority to review the agency's denial of Plaintiff's request for a waiver filed in accordance with 8 U.S.C. §1186a(c)(4)(C). However, an IJ cannot consider a waiver application filed in accordance with 8 U.S.C. §1186a(c)(4)(B) until such time as a determination has been made by the agency on the merits of that request. In the interests of conserving judicial and administrative resources, Plaintiff would ask that the agency consider all appropriate waivers before complying with the obligations set forth at 8 C.F.R. §216.5(f) were the agency to renew its denial of Plaintiff's Form I-751 even after reconsideration of her petition as discussed. *See* Matter of Stowers, 22 I&N Dec. 605 (BIA 1999); Matter of Anderson, 20 I&N Dec. 888 (BIA 1994) ; Matter of Lemhammad, 20 I&N Dec. 316 (BIA 1991).

41. That mandamus is appropriate because there is no other remedy at law. Via the instant action, Plaintiff seeks to compel Defendants to reopen and adjudicate her Form I-751 in terms of both mandamus and in terms of the Administrative Procedure Act. Alternatively, Plaintiff would request this Court compel Defendants to place Plaintiff in removal proceedings pursuant to the obligations set forth at 8 C.F.R. §216.5(f).

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action ;
2. Conduct such hearings and examinations of Plaintiff necessary to determine that the relief requested by Plaintiff is warranted as a matter of law ;

3. Declare Defendants' actions in the proceedings below as arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. §706(2) ;

4. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(2) compelling Defendants to reopen and adjudicate Plaintiff's Form I-751, or in the alternative to place Plaintiff in removal proceedings before the Immigration Court ;

5. Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(2), compelling Defendants to reopen and adjudicate Plaintiff's Form I-751, or in the alternative to place Plaintiff in removal proceedings before the Immigration Court ;

6. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. §2412;

7. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

David Stoller, Esquire
Attorney for Plaintiff
Florida Bar #92797 /118765
4445 S. Conway Rd.
Orlando, Florida 32812
Phone: (407) 999-0088
Fax: (407) 382-9916
Email: david.stoller@davidstollerlaw.com

## Table of Contents

## Documents in Support of Complaint

## Mounia Ammor v. John Kelly, et al.

Exhibit 1:   Termination of Conditional Permanent Status, decision issued by Defendants concerning Plaintiff's Form I-751, Petition to Remove Conditions on Residence;

Exhibit 2 :  Form I-797, Notice of Action, filing Receipt for Form I-751 (EAC1517400096);

Exhibit 3 :  Final Judgment of Simplified Dissolution of Marriage;

Exhibit 4 :  Final Judgment of Change of Name (Adult).